**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINAYAK SAVANT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>IROBOT CORPORATION, GLEN D. WEINSTEIN, GARY S. COHEN, JULIE ZEILER, and KARIAN WONG,<br><br>    Defendants. | Case No.: 1:25-cv-05563-JHR<br><br>Hon. Jennifer H. Rearden |

**MEMORANDUM OF LAW IN SUPPORT OF SERGEI DANIEL'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND ................................................................................ 2

II.     PROCEDURAL HISTORY ................................................................................. 3

III.    ARGUMENT ...................................................................................................... 4

    A.    Appointing Movant as Lead Plaintiff Is Appropriate ...................................... 4

        1.    Movant Filed a Timely Motion. ................................................................ 5

        2.    Movant Has the Largest Financial Interest in the Relief Sought. ............. 6

        3.    Movant Satisfies the Relevant Requirements of Rule 23. ......................... 6

            a.    Movant's Claims Are Typical. ........................................................... 7

            b.    Movant Is An Adequate Representative. ............................................ 8

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 8

IV.     CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baldwin v. Net 1 UEPS Techs., Inc.*,
No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522 (S.D.N.Y. Mar. 25, 2020) ............... 5

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ........................................................................ 5, 6

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................ 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................. 8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)......................................................................................... 9

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 7

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................................. 7

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ........................................................... 9

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023).............................................................. 9

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................. 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................... 9

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ............................................................. 9

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .............................................................. 9

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .............................................................. 9

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) .................................................................................... 9

*Thant v. Rain Oncology Inc. et al.*,
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .................................................................................. 9

*Thant v. Veru, Inc. et al.*,
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)............................................................................ 9

*In re U.S. Steel Securities Litigation,*
   No. 2:17-579-CB (W.D. Pa.) ..................................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ......................................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................... 7

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23............................................................................................... 1, 5, 6, 7

iv

Sergei Daniel ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired iRobot Corporation ("iRobot" or the "Company") securities between January 29, 2024 and March 11, 2025, both dates inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants iRobot, Glen D. Weinstein ("Weinstein"), Gary S. Cohen ("Cohen"), Julie Zeiler ("Zeiler"), and Karian Wong ("Wong") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

iRobot designs, builds, and sells robots and home innovation products in the U.S., Europe, the Middle East, Africa, Japan, and internationally. ¶ 2. The Company's portfolio of home robots and smart home devices features proprietary technologies for the connected home and advanced concepts in cleaning, mapping and navigation. *Id.* iRobot is primarily known for its robot vacuum cleaner ("RVC") products sold under the "Roomba" brand name. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 7. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) iRobot overstated the extent to which the Restructuring Plan would help the Company maintain stability after the termination of the Amazon Acquisition; (ii) as a result, it was unlikely that iRobot would be able to profitably operate as a standalone company; (iii) accordingly, there was substantial doubt about the Company's ability to continue as a going concern; and (iv) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id.*

The Company issued a press release on March 12, 2025 reporting its fourth quarter and full year 2024 financial results. ¶ 8. For the quarter, iRobot reported a loss of $2.06 per share on revenue of $172 million, representing a 44% year-over-year decline. iRobot also cautioned investors that "there can be no assurance that [iRobot's] new product launches will be successful

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Savant* Complaint") filed in the action styled *Savant v. iRobot Corporation, et. al.,* Case No. 1:25-cv-05563-JHR (the "*Savant* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Savant* Complaint. The facts set forth in the *Savant* Complaint are incorporated herein by reference.

due to potential factors, including, but not limited to consumer demand, competition, macroeconomic conditions, and tariff policies." *Id.* As such, "[g]iven these uncertainties and the implication they may have on the Company's financials, there is substantial doubt about the Company's ability to continue as a going concern for a period of at least 12 months from the date of the issuance of its consolidated 2024 financial statements." *Id.* Further, the press release stated that, in light of the foregoing developments, iRobot was cancelling its fourth-quarter and full-year 2024 results conference call and webcast, and that the Company would not be providing a 2025 outlook. *Id.*

Market analysts were quick to comment on iRobot's announcement. ¶ 9. For example, on March 12, 2025, an analyst from *Seeking Alpha* downgraded iRobot to a sell rating from a hold rating "due to [a] bleak outlook," stating that "iRobot's business prospects have deteriorated significantly since the Amazon acquisition fell through, leading to massive layoffs and growing losses," "Q4 earnings were disastrous, missing guidance and showing worsening gross margins due to excess inventory and lower sales volumes," "iRobot's future is uncertain, with substantial doubts about its viability within the next 12 months, despite ongoing discussions with its primary lender," and that the Company's "survival hinges on new Roombas being a hit, which seems unlikely." *Id.* That same day, in an article entitled "Why iRobot Stock Is Crashing Today," *The Motley Fool* stated, in relevant part, that "iRobot's costly restructuring efforts -- including a 50% workforce reduction -- have yet to yield stability." *Id.*

In response to this news, iRobot's stock price declined 51.58%, or $3.255 per share, over the following two trading sessions, to close on March 13, 2025 at $3.055 per share. ¶ 10.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Savant* Action against the Defendants.

Plaintiff Vinayak Savant ("Savant") commenced the first-filed action on July 7, 2025. On the following day, counsel acting on Savant's behalf published a notice on *Access Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

4

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $30,199.30 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On July 8, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Savant published the Press Release on *Access Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of iRobot securities that they had 60 days from the publication of the July 8, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522, at *6 (S.D.N.Y. Mar. 25, 2020) (granting a motion for appointment as lead plaintiff where "plaintiff filed notice of this action on *Accesswire*, a national, business-oriented wire service").

Movant timely filed his motion within the 60-day period following publication of the July 8, 2025 Press Release and submitted herewith a sworn certification attaching his transactions in iRobot securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice,

5

Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired iRobot securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $30,199.30. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning iRobot's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired iRobot securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

7

### b.       Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, investing in securities for approximately 26 years. He resides in Peabody, Massachusetts, and possesses an MBA from Boston University. Movant is currently employed at a leading cloud computing platform as a Senior Manager, Customer Health. He has over 25 years of experience as an executive in the tech industry. Further, Movant has experience overseeing attorneys, as he has hired attorneys for real estate matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.       Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest

9

caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: September 5, 2025                    Respectfully Submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            By: */s/ Adam M. Apton*
                                            Adam M. Apton (AS-8383)
                                            33 Whitehall Street, 27th Floor
                                            New York, NY 10004
                                            Tel: (212) 363-7500
                                            Fax: (212) 363-7171
                                            Email: aapton@zlk.com

                                            *Lead Counsel for Sergei Daniel and*
                                            *[Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Movant, certifies that this brief contains 2,872 words, which complies with the word limit of L.R. 7.1(c).

Executed on September 5, 2025.

/s/ *Adam M. Apton*
Adam M. Apton