UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VINAYAK SAVANT,

                              Plaintiff,                   **25 Civ. 5563 (JHR) (GS)**

      -against-                                    **ORDER**

iROBOT CORPORATION, *et al.*,

                              Defendants.
------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

      Before the Court in this putative securities class action are motions for appointment as lead plaintiff and approval of selection of counsel filed by (1) Rita Lazaro and named plaintiff Vinayak Savant ("Lazaro/Savant") (Dkt. No. 27); and (2) Sergei Daniel ("Daniel") (Dkt. No. 22). A motion was also filed by Viral Jain (Dkt. No. 20), but it was subsequently withdrawn. (Dkt. No. 31). On September 15, 2025, Lazaro/Savant and Daniel filed a Stipulation and [Proposed] Order ("Stipulation") reciting that they have decided that it is in the best interests of the putative class for them to join together as Co-Lead Plaintiffs and for their respective law firms to serve as Co-Lead Counsel. (Dkt. No. 32).

      Notwithstanding Lazaro/Savant and Daniel's agreement, and the absence of any opposition to their proposal, the Court has an independent obligation to determine whether their appointment as Co-Lead Plaintiffs would be proper under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i). *See Clifford v. TRON Found.*, No. 20 Civ. 2804 (VSB), 2020 WL

3577923, at *2 (S.D.N.Y. June 30, 2020) ("Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff.").

Having reviewed the memoranda of law, declarations, and exhibits submitted by both Lazaro/Savant and Daniel in support of their motions (Dkt. Nos. 22-24 & 27-30), and having considered the relevant PSLRA factors, the Court finds that each motion was timely filed; that each movant has a significant financial interest in the outcome of this case and no class member with a larger financial interest has sought appointment as lead plaintiff; that each movant has made a preliminary showing that he or she satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23; and that movants are the class members "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The Court further finds that the co-lead plaintiff structure proposed by movants is in the best interests of the proposed class. Lazaro/Savant and Daniel represent in the Stipulation that a co-lead plaintiff structure will allow their counsel to pool their resources and move forward with the efficient prosecution of this action. (Dkt. No. 32 at 3-4). They state they are "committed" to supervising counsel and ensuring that counsel coordinate, prosecute the case efficiently, and avoid duplication—a commitment the Court will hold them to. They also bring somewhat different perspectives; while Daniel's financial interest is smaller than that of Lazaro (and of course than that of

2

Lazaro/Savant combined), his transaction history in iRobot stock is more diverse and covers a broader swath of the proposed class period. (*Compare* Dkt. No. 24-2 *with* Dkt. No. 30-1).

Under these circumstances, the proposed co-lead plaintiff structure is approved. *See, e.g.*, *Lavin v. Virgin Galactic Holdings, Inc.*, No. 21 Civ. 3070 (ARR) (TAM), 2021 WL 5409798, at *5 (E.D.N.Y. Sept. 17, 2021) (approving co-lead plaintiff structure where it "'will help to ensure that adequate resources and experience are available to the prospective class in the prosecution of this action.'" (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004))); *In re Millennial Media, Inc.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) (approving co-lead plaintiff structure where one plaintiff had larger financial interest but the other investor held stock during more of the class period).

Finally, both Pomerantz LLP ("Pomerantz") (counsel for Lazaro/Savant) and Levi & Korsinsky, LLP ("Levi & Korsinsky") (counsel for Daniel) have substantial experience litigating federal securities cases and are qualified to serve as co-lead counsel. (*See* Dkt. Nos. 24-5 & 30-5). "As similarly situated courts have noted, this joint appointment 'is done with the understanding that there shall be no duplication of attorney's services,' and that counsel 'will work together to maximize recovery for the proposed class.'" *In re Millennial Media*, 87 F. Supp. 3d at 572 (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998)).

Accordingly, the Court will so-order the proposed Stipulation providing for appointment of Lazaro/Savant and Daniel as Co-Lead Plaintiffs and Pomerantz and Levi & Korsinsky as Co-Lead Counsel. In accordance with Judge Rearden's July 29, 2025 order issued at the parties' request, Co-Lead Plaintiffs and Defendants shall confer within 14 days of today and jointly submit a proposed schedule for Co-Lead Plaintiffs to file an amended complaint (or identify an operative complaint) and for Defendants to answer or otherwise respond, including a briefing schedule with respect to any dispositive motion. (Dkt. No. 16).

The Clerk of Court is respectfully requested to close the motions pending at Dkt. Nos. 20, 22, and 27.

**SO ORDERED.**

DATED:    New York, New York
          October 3, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge